IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA YASKO, o/b/o ALAN YASKO, M.D. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

# **COMPLAINT**

Now comes the Plaintiff, LAURA YASKO, o/b/o ALAN YASKO, M.D., by her attorneys, MARK D. DEBOFSKY and DALEY, DEBOFSKY & BRYANT, and ROBERT J. NAPLETON and MOTHERWAY & NAPLETON, LLP, and complaining against the Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY, she states:

## *JURISDICTION AND VENUE*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions seeking recovery of benefits due under the terms of employee welfare benefit plans, which, in this case, consists of a group accidental death and dismemberment ("AD&D") insurance policy provided by Northwestern University to its employees, that was insured and underwritten by Defendant, Reliance Standard Life Insurance Company ("Defendant" or "Reliance"). In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district courts jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeals of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

## *NATURE OF ACTION*

4. This is a claim seeking recovery of the AD&D benefits due under a policy of insurance issued and underwritten by Reliance as group policy number VAR 202958 ("Reliance Policy") (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A"), which was insured and underwritten by Reliance to provide AD&D insurance coverage to employees of Northwestern University. This action is brought pursuant to 29 U.S.C. § 1132(a)(1)(B) and ERISA § 502(a)(1)(B). Plaintiff also seeks attorneys' fees pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g).

## *THE PARTIES*

5. Plaintiff, Laura Yasko ("Plaintiff"), brings this suit as beneficiary of the AD&D coverage in force and in effect at the time of the death of her late husband, Alan Yasko, M.D. ("Dr. Yasko"). At all times relevant hereto, both Plaintiff and Dr. Yasko were residents of Lake Forest, Illinois; and the events, transactions, and occurrences relevant to this claim for AD&D benefits took place within the Northern District of Illinois.

6. At all times relevant hereto, the Reliance Policy constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to his employment with Northwestern University, Dr. Yasko received coverage under the Reliance Policy as a "participant" as defined by 29 U.S.C. § 1002(7). Plaintiff is a "beneficiary" of that coverage as

2

that term is defined by 29 U.S.C. § 1002(8). This claim relates to AD&D benefits under the foregoing Reliance Policy.

### *RELEVANT POLICY PROVISIONS*

7. The provisions of the Reliance Policy that are relevant to this claim for AD&D benefits provide as follows:

### DEFINITIONS

"Injury" means accidental bodily injury to an Insured which is caused directly by accidental means and which occurs while the Insured's coverage under this Policy is in force.

(Ex. A, Page 2.0).

### DESCRIPTION OF COVERAGE

**LOSS OF LIFE, LIMB, SIGHT, SPEECH OR HEARING:** If due to Injury, an Insured suffers any one of the following specific Losses within 365 days from the date of the accident we will pay the Benefit Amount listed below. However, if more than one listed loss results from any one accident, we will only pay the one largest applicable benefit as listed below.

| **LOSS** | **BENEFIT AMOUNT:** |
|---|---|
| Loss of Life………………………………............... | the Insured's Principal Sum |

**DEFINITIONS:**

"Loss(es)" must result directly and independently from Injury, with no other contributing cause.

(Ex. A, Page 11.0).

### EXCLUSIONS

This Policy does not cover any loss:

    (1) to which sickness, disease, or myocardial infarction, including medical or surgical treatment thereof, is a contributing factor; or

    (2) caused by suicide, or intentionally self-inflicted injuries; or

(3) caused by or resulting from war or any act of war, declared or undeclared; or

(4) caused by an accident that occurs while in the armed forces of any country, except as shown under the Reserve-National Guard Benefit (any premium paid to us for any period not covered by this Policy while the Insured is in such service will be returned pro rata); or

(5) caused by or resulting from riding in, getting into or out of any aircraft, unless:

   (a) the Insured is a passenger (not a pilot or crew member) in a tested and approved civilian aircraft being operated as passenger transport in compliance with the then current rules of the authority having jurisdiction over its operation; and

   (b) the aircraft is not owned, leased or operated by or on behalf of you, the Insured or any other employer of the Insured, unless a specific written agreement has been obtained from us; or

(6) sustained during the Insured's commission or attempted commission of an assault or felony.

(Ex. A, Page 20.0).

## *STATEMENT OF FACTS*

8. Prior to his death, Dr. Yasko was employed as a professor of orthopedic surgery at the Northwestern University Feinberg School of Medicine and as chief of musculoskeletal oncology at the Northwestern University Robert H. Lurie Comprehensive Cancer Center from 2006 to August 2010. As a benefit of his employment, Dr. Yasko received coverage under the Reliance Policy in the amount of $1,000,000.

9. On August 19, 2010, Dr. Yasko died of a massive pulmonary embolism caused by extended demobilization during prolonged air travel from Chicago, Illinois to Mexico for a medical conference.

10. On or about February 3, 2011, Plaintiff submitted a claim for AD&D benefits under the Reliance Policy.

11. On July 15, 2011, Reliance denied Plaintiff's claim for AD&D benefits under the Reliance Policy.

12. On October 24, 2011, Plaintiff, through counsel, appealed Reliance's decision to deny her claim for AD&D benefits under the Reliance Policy in accordance with 29 U.S.C. § 1133, and submitted additional medical records and reports establishing that the cause of Dr. Yasko's death was accidental, which included: Medical reports authored by Carlos E. Cuervo Lozano, M.D., the physician who was in attendance with Dr. Yasko when he died, and Jesse Hall, M.D., a professor of medicine, anesthesia, and critical care at the University of Chicago. Dr. Lozano reported:

> In my professional opinion, Dr. Yasko died of a massive pulmonary embolism due to the extensive air travel he experienced the week before his death. It is well known prolonged physical immobility causes blood clots in individual's legs to break off, travel through the blood stream into the pulmonary system…Dr. Yasko did not die of a disease or illness of any kind, nor did he die of medical or surgical treatment of any kind. His death was an unexpected sudden death which Alan Yasko did not foresee.

Similarly, Dr. Hall explained:

> It is my opinion, held to a reasonable degree of medical certainty, that Dr. Yasko did indeed die of massive pulmonary embolus on August 19, 2010…the risk for this event was his prolonged airline travel, coupled to his age and body weight…Thus Dr. Yasko's death was not the result of the progression of an identifiable disease, but rather should be considered to be accidental in the sense that it resulted from the events of daily life coupled to misfortune.

13. On January 26, 2012, although Plaintiff's proof of claim and internal appeal definitively established that Dr. Yasko's death was accidental and due to an injury as defined by the Reliance Policy, Reliance upheld its decision to deny her claim for AD&D benefits.

14. In addition to the Reliance claim, Plaintiff concurrently submitted a claim for AD&D benefits under a second group life and AD&D policy of insurance, also provided by Northwestern University to its employees, which was insured and underwritten by ReliaStar Life

Insurance Company ("ReliaStar") (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "B"). Plaintiff submitted the same records and reports as part of her proof of loss that she submitted to Reliance; i.e., the reports of Drs. Lozano and Hall. After reviewing Plaintiff's proof of loss, ReliaStar approved and paid Plaintiff's claim for AD&D benefits under functionally identical policy provisions as those at issue here, which provide as follows:

### LIFE INSURANCE

**Accidental Death & Dismemberment (AD&D) Insurance**
ReliaStar Life pays this benefit if you suffer a covered loss due to a covered accident. All of the following conditions must be met:
- You are covered for AD&D Insurance on the date of the accident.
- Loss occurs within 180 days of the date of the accident.
- The cause of the loss is not excluded.

ReliaStar Life pays the benefit shown below if you suffer any of the losses listed. The Full Amount is shown on the Schedule of Benefits. ReliaStar Life pays only one Full Amount while the Group Policy is in effect. If you have a loss for which ReliaStar Life paid ½ of the Full Amount, ReliaStar Life pays no more than ½ of the Full Amount for the next loss.

For: The benefit is:

Loss of Life……………………………….....................................Full Amount

(Ex. B, Page 15).

**Accidental Death and Dismemberment Exclusions**
ReliaStar Life does not pay benefits for loss directly caused by any of the following:
- Suicide or intentionally self-inflicted injury, while sane or insane.
- Physical or mental illness.
- Bacterial infection or bacterial poisoning.
  Exceptions:
    - Infection from a cut or wound caused by an accident.
    - Accidental ingestion of a poisonous food substance.
- Riding in or descending from an aircraft as a pilot or crew member.
- Any armed conflict, whether declared as war or not, involving any country or government.
- Injury suffered while in the military service for any country or government.

- Injury which occurs when you commit or attempt to commit a felony.
- Use of any drug, narcotic or hallucinogenic agent –
  - unless prescribed by a doctor.
  - which is illegal.
  - not taken as directed by a doctor or the manufacturer.
- Your intoxication. Intoxication means your blood alcohol content meets or exceeds the legal presumption of intoxication under the laws of the state where the accident occurred.

(Ex. B, Page 17).

## DEFINITIONS

**Accident** – an unexpected and sudden event which the insured does not foresee.

(Ex. B, Page 22).

15. All required administrative appeals seeking payment of the AD&D benefits due under the Reliance Policy have now been exhausted. Therefore, this matter is ripe for judicial review.

16. The evidence establishes to a reasonable degree of medical certainty that Dr. Yasko's death was not caused or contributed to by an illness or disease, but was instead caused by a massive pulmonary embolism that resulted from an injury caused by extended demobilization during prolonged air travel. Plaintiff is therefore entitled to the payment of the AD&D benefits due under the Reliance Policy in the amount of $1,000,000, as well as interest thereon. .

### *RELIEF SOUGHT*

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant, and that the Court order Defendant to pay Plaintiff the AD&D benefits owed to her in the amount of $1,000,000;

B. That the Court order Defendant to pay Plaintiff prejudgment interest;

  C. That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g) and ERISA § 502(g); and

  D. That Plaintiff recover any and all other penalties, damages, and relief to which she may be entitled, as well as the costs of this suit.

                Respectfully submitted,

Dated: April 11, 2012         /s/ Mark D. DeBofsky
                _____
                Mark D. DeBofsky
                One of the Attorneys for Plaintiff
                Laura Yasko, o/b/o Alan Yasko, M.D.

Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 West Monroe Street, Suite 2440
Chicago, Illinois 60602
Voice (312) 372-5200
Fax (312) 372-2778
mdebofsky@ddbchicago.com

Robert J. Napleton
Motherway & Napleton, LLP
100 West Monroe Street, Suite 200
Chicago, Illinoi 60603
Voice (312) 726-2699
Fax (312) 726-6851
bnapleton@mnlawoffice.com