Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 02658 | **DATE** | 10/09/2012 |
| **CASE TITLE** | Yasko vs. Reliance Standard Life Insurance Company | | |

**DOCKET ENTRY TEXT**

As explained in the Statement section of this order, the defendant's motion for a protective order and to quash a subpoena [18] is granted in part and denied in part. Because Dr. Holland's deposition appears reasonably likely to lead to the discovery of admissible evidence, the motion to quash that deposition is denied. Pursuant to Rule 45, Dr. Holland's deposition should take place within 100 miles of his office in Saratoga Springs, NY unless the witness and both parties agree to an alternative location. Because the plaintiff has not shown that deposing Ms. Brunner, Ms. Lubrecht, and Ms. Bellinger is reasonably likely to lead to the discovery of relevant and admissible evidence, the Court grants the defendant's motion for a protective order precluding the plaintiff from deposing those three witnesses.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　Defendant Reliance Standard Life Insurance Co. ("Reliance") moves the Court to quash Plaintiff Laura Yasko's deposition subpoena to Dr. Michael Holland, and to enter a protective order precluding Yasko from deposing Reliance employees Eileen Brunner, Marianne Lubrecht, and Brenda Bellinger (collectively, the "Reliance Witnesses") and Dr. Holland.

　　　This is an claim under ERISA, 29 U.S.C. § 1002(1) brought by Laura Yasko on behalf of her late husband, Dr. Alan Yasko, seeking benefits allegedly due under an accidental death and dismemberment policy (the "Policy") underwritten and insured by Reliance. The Policy pays a benefit in the event of loss of life which "result[s] directly and independently from Injury, with no other contributing cause." The Policy defines "Injury" as "accidental bodily injury to an Insured which is caused directly by accidental means . . . ." In addition, the Policy excludes from coverage any loss "to which sickness [or] disease, . . . including medical or surgical treatment thereof, is a contributing factor."

　　　In March 2010, Dr. Yasko was diagnosed with a carcinoid tumor in his left lung, and underwent surgery on that condition. Dr. Yasko died of a massive pulmonary embolism five months later, following air travel from Chicago to Mexico. Ms. Yasko submitted a claim for accidental death benefits under the Policy, but Reliance denied her claim, contending that Dr. Yasko's illness (lung cancer) contributed to his death. Ms. Yasko appealed that determination, arguing that Dr. Yasko's pulmonary embolism was caused not by his illness, but rather by the

extensive air travel he experienced before his death. Reliance upheld its decision to deny benefits, and this litigation ensued.

Ms. Yasko now seeks to depose four witnesses. The first, Dr. Holland, is an independent physician hired by Reliance to review the claim data and to provide an opinion as to whether Dr. Yasko's lung cancer was a contributing factor in his demise. Dr. Holland concluded that Dr. Yasko's illness was a contributing factor, and therefore that Dr. Yasko's death was not due to an "Injury," independent of other causes. Ms. Yasko also seeks to depose the three Reliance Witnesses, who were involved in deciding whether to accept her claim for benefits. Ms. Yasko argues that deposing the Reliance Witnesses may lead to evidence showing Reliance denied her claim in bad faith.

The parties agree that the Court should decide whether Ms. Yasko is entitled to benefits using the *de novo* review standard. The Seventh Circuit has found the phrase "*de novo* review" to be misleading. *Krolnik v. Prudential Ins. Co. of America*, 570 F.3d 841, 843 (7th Cir. 2009). More accurately, the Court is to make an "independent decision" whether the Policy provides benefits in this situation just as if it was interpreting a contract. *Id.* Rather than "reviewing" the insurer's denial of benefits, "the court takes evidence (if there is a dispute about a material fact) and makes an independent decision about how the language of the contract applies to those facts." *Id.* In doing so, "[t]he district court has the discretion to 'limit the evidence to the record before the plan administrator, or . . . [to] permit the introduction of additional evidence necessary to enable it to make an informed and independent judgment.'" *Estate of Blanco v. Prudential Ins. Co. of America*, 606 F.3d 399, 402 (7th Cir. 2010) (citing *Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 480 F.3d 478, 490 (7th Cir. 2007)).

Because the Court will make an independent decision (*i.e.*, conduct *de novo* review) regarding Ms. Yasko's claim, it will not place any weight whatsoever on the reasons why Reliance denied the claim. Therefore, discovery directed at Reliance's claim process—which goes to explaining *why* Reliance denied the claim—is not relevant. *See Kuznowicz v. Wrigley Sales Co., LLC*, No. 11 C 165, 2011 U.S. Dist. LEXIS 89996, *3-4 (N.D. Ill. Aug. 10, 2011). Ms. Yasko argues that Reliance's potential conflict of interest is a relevant factor for the Court to consider, and therefore that discovery regarding the claims process is relevant. But the cases she cites require more than the unavoidable conflict of interest inherent in every insurance relationship. *See Shepherd v. Life Ins. Co. of N. Am.*, No. 11 C 3846, 2012 U.S. Dist. LEXIS 13453, *8 (N.D. Ill. Feb. 3, 2012) (a conflict of interest "alone does not tip the scale [of relevance]; nearly all insurance companies fit that description"). In *Shepherd*, for instance, the plaintiff claimed to have information indicating that the insurance company was specifically discriminating against her employer's claimants. *Id.* Ms. Yasko points to no such extenuating circumstance here. Therefore, evidence solely explicating Reliance's review process is irrelevant.

Ms. Yasko offers no explanation of any evidence the Reliance Witnesses might be able to provide beyond irrelevant evidence regarding Reliance's alleged conflict of interests. Therefore, because deposition notices to the Reliance Witnesses appear to target only irrelevant (and therefore inadmissible) evidence, the Court will preclude Ms. Yasko from deposing those witnesses.

Dr. Holland is different. He is a medical professional who reviewed Dr. Yasko's medical history and came to the supposedly independent conclusion that Dr. Yasko's illness contributed to his death. Reliance will presumably seek to use Dr. Holland's report as affirmative evidence that illness was a factor in Dr. Yasko's death, and therefore that Ms. Yasko's claim is meritless. In other words, Dr. Holland's report "is relevant not only to Defendant's denial of Plaintiff's claim but also to the merits of that claim." *Haines v. Reliance Standard Life Ins. Co.*, No. 09 C 7648, 2010 U.S. Dist. LEXIS 104625, *8 (N.D. Ill. Sep. 9, 2010) (allowing deposition of administrator's independent medical consultant). Ms. Yasko seeks evidence showing that Reliance manipulated Dr. Holland's opinion by failing to provide him with evidence indicating that Dr. Holland's death was independent of his illness. She also seeks to determine whether Dr. Holland has a history of writing reports biased in favor of Reliance. That evidence, if it exists, could conceivably undercut the persuasiveness of Dr. Holland's report, thereby affecting the Court's determination on the merits.

Because the subpoena to Dr. Holland seeks potentially relevant evidence, and because the potential value of that evidence outweighs the relatively modest cost of obtaining it, the Court, in its discretion, denies Reliance's motion to quash and for a protective order. In her brief, Ms. Yasko stated that she is willing to depose Dr. Holland in a locale convenient to him and to counsel. Pursuant to Rule 45, the deposition should take place within 100 miles of Dr. Holland's office in Saratoga Springs, NY, unless Dr. Holland and the parties agree to an alternative location.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|